IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELENA CHEVIS; Willi Jones, & Ekundayo Nkululeko; individually and on behalf of similarly situated individuals, | § § § § § | |
| *Plaintiff*s | § § | DCKT NO. _____ |
| | § § | |
| | § | JURY TRIAL DEMANDED |
| -vs- | § § | |
| TEXAS SOUTHERN UNIVERSITY | § § | |
| | § | COLLECTIVE ACTION |
| *Defendant*. | § § | PURSUANT TO 29 U.S.C. §216(b) |
| | § § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT – FLSA COLLECTIVE ACTION & FMLA INTERFERENCE**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES DELENA CHEVIS, Willi Jones, and Ekundayo Nkululeko, (hereinafter "Plaintiffs") by and through their attorneys The Estes Law Firm, P.C., individually and on behalf of all other similarly situated individuals, and files this, their Original Complaint against Defendants as follows:

## I. SUMMARY OF THE COMPLAINT

1. This is a collective action brought pursuant to 29 U.S.C. §216(b) by Plaintiffs' Delena Chevis Willi Jones, and Ekundayo Nkululeko on behalf of themselves and all others similarly situated, which arises from Defendants' willful violations of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, *et seq.*, for failure to pay

proper minimum wage for all hours worked, failure to pay 1.5x the regular rate for hours worked in excess of 40 in a workweek, and failure to pay for all hours worked. Plaintiff Delena Chevis also alleges individual claims for violations of her rights under the Family Medical Leave Act of 1991, as amended (29 U.S.C. §2601).

2. All statements are made upon information and belief.

3. Defendant Texas Southern University ("TSU"), is a public university doing business in the state of Texas.

4. Plaintiffs' worked as security guards of TSU during various periods. They were paid hourly but were not always paid for their overtime and were not always paid correctly for all hours worked.

5. Separately, Plaintiff Delena Chevis was terminated in retaliation for applying for Family & Medical Leave, in violation of 29 CFR Section 825.220 and the Family & Medical Leave Act statute.

6. Plaintiffs' bring this collective action on behalf of themselves and others similarly situated to challenge Defendants' unlawful policy of failing to pay their non-exempt employees minimum wage for all hours worked, failure to pay the federally mandated overtime rate for hours worked in excess of 40 per work week, and failure to pay for all hours worked in violation of the Fair Labor Standards Act Section 206, 207, and 211.

7. Plaintiffs' bring this claim under the FLSA on behalf of all similarly situated employees who may choose to opt into this action pursuant to 29 U.S.C. §216(b).

## II. JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiffs have brought a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

9. This Court also has federal question jurisdiction pursuant to 29 U.S.C. §2617(b)(2) and (d) because Plaintiff has brought a claim pursuant to the Family & Medical Leave Act, 29 CFR 825.220.

10. Venue is proper in this Court because several of the Plaintiffs' reside within this judicial district, and because all or a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred within this District.

### III. PARTIES

11. Plaintiff Delena Chevis is an individual and resident of Houston, Texas. Plaintiff worked as a security guard for Defendant during the proposed class period. In the year prior to application for Family & Medical Leave, she was eligible for FMLA leave due to the fact that she had worked at least 1250 hours and had been working for Defendant for at least 12 months.

12. Plaintiff Willi Jones is an individual and resident of Houston, Texas. Plaintiff worked as a security guard for Defendant during the proposed class period.

13. Plaintiff Ekundayo Nkululeko is an individual and resident of Houston, Texas. Plaintiff worked as a security guard for Defendant during the proposed class period.

14. The proposed Class Members are:

**All current and former individuals working as security guards of Texas Southern University; at any time during the three year period prior to the filing of this lawsuit through final approval of any settlement or judgment.**

15. Defendant Texas Southern University is a foreign corporation doing business in the state of Texas and is headquartered at 3100 Cleburne St., Houston, Texas 77004. Texas Southern University may be served at the Office of General Counsel, 3100 Cleburne St., Hannah Hall, Room 310, Houston, Texas 77004.

### IV. FLSA COVERAGE

31. At all material times, Texas Southern University has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

32. At all material times, Texas Southern University has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

33. At all material times, Plaintiffs worked for Defendant on Defendant's premises, were subject to substantial control by Defendant and its agents, could be hired, fired, or have their employment conditions modified by Defendant, did not perform a specialty job within the production line, and had no ability to refuse work for Defendant.

34. At all material times, Texas Southern University has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of Section 301 of the FLSA because they have had employees engaged in commerce and have had, and continue to have, an annual gross business volume in excess of the statutory standard. 29 U.S.C. § 203(s)(1).

35. At all material times, Texas Southern University has been an institution of higher education as defined by 29 U.S.C. § 203(s)(2).

36. At all material times, Texas Southern University has been an employer with more than 50 employees and qualifies as a covered employer under the Family & Medical Leave Act.

## V. STATEMENT OF FACTS

37. All statements are made upon information and belief.

### I. *Fair Labor Standards Act Allegations*

38. Plaintiffs are security guards working for Texas Southern University.

39. Plaintiffs are nonexempt employees who are paid hourly.

40. In violation of Texas Labor Code Section 61.011(b), Plaintiffs were only paid once per month for all hours worked.

41. In violation of Texas Labor Code Section 61.018 and Texas Administrative Code Section 821.28, Plaintiffs had their wages unlawfully deducted, for work expenses, such as uniforms. Plaintiffs' never signed written authorizations permitted the deductions.

42. Plaintiffs made repeated attempts to informally resolve these disputes with Defendant, including multiple written correspondence, and phone calls, requesting information to confirm Plaintiffs' claims. Defendant provided minimal information and repeatedly missed its own deadlines for providing the necessary information.

*First Example – April of 2019*

43. To illustrate the wage errors, please review Plaintiffs' Exhibits D, E, and F. Exhibit D are Ms. Chevis' time sheet for the week of March 31, 2019 – April 6, 2019; April 7, 2019 – April 13, 2019; April 14, 2019 – April 20, 2019; April 21, 2019 – April 27, 2019; and April 28, 2019 – May 4, 2019.  Exhibit E is a copy of Ms. Chevis' Earnings Information sheet, for the pay period of April 1, 2019 – April 30, 2019, that she was given with her paycheck.  Exhibit F is a copy of Ms. Chevis' Earnings Information sheet, for the pay period of April 1, 2019 – April 30, 2019, that was given to Plaintiffs by Defendant in connection with pre-suit settlement discussions.

44. Looking first at the time sheets shown in Exhibits D, and ignoring data from work days outside the month of April of 2019, Ms. Chevis worked 32 hours of straight time in the first work week; 40 hours of straight time and 6 hours of Special Event time in the second work week; 40 hours of straight time, 8 holiday hours, and 5.5 special event hours in the third work week; 40 hours of straight time and 7 hours of special event time in the fourth work week, and 24 hours of straight time in the fifth work week.  That totals 176 hours of straight time, 8 hours of holiday pay, and 18.5 hours of special event time.

45. Upon information and belief, Ms. Chevis' wage rate in April of 2019 was $13.461778/hour.

46. Now contrast that with her actual pay as reflected in Exhibits E & F.  First notice that the first page of Exhibit E and Exhibit F are identical except that someone has hand written in additional information in Exhibit F.

47. Ms. Chevis was paid for 16 hours of sick pay and 48 hours of vacation pay. This despite the fact that Ms. Chevis never took any sick or vacation time during the month of April of 2019.

48. Ms. Chevis was paid 24 hours of overtime at her straight time rate of $13.461778.

49. Ms. Chevis was paid for 37.33 hours at a rate of $36.54120.

50. Ms. Chevis was paid 1 hour of supplemental pay at a rate of $312.50.

51. Ms. Chevis had deductions applied for 327327327AD1 Life3, 327327327AD1 Accident, and 327327327AD1 Health Select that, upon information and belief, she never authorized.

*Second Example – October 2019*

52. To illustrate the wage errors, please review Plaintiffs' Exhibits G, H and I. Exhibit G are Ms. Chevis' time sheet for the week of September 29, 2019 – October 5, 2019; October 6, 2019 – October 12, 2019; October 13, 2019 – October 19, 2019; October 20, 2019 – October 26, 2019; and October 27, 2019 – November 2, 2019. Exhibit H is a copy of Ms. Chevis' Earnings Information sheet, for the pay period of October 1, 2019 – October 31, 2019, that she was given with her paycheck. Exhibit I is a copy of Ms. Chevis' Earnings Information sheet, for the pay period of October 1, 2019 – October 31, 2019, that was given to Plaintiffs by Defendant in connection with pre-suit settlement discussions.

53. Looking first at the time sheets shown in Exhibits G, and ignoring data from work days outside the month of October of 2019, Ms. Chevis worked 24 hours of straight time

in the first work week; 40 hours of straight time and 22 hours of Special Event time in the second work week; 40 hours of straight time and 12 overtime hours in the third work week; 40 hours of straight time in the fourth work week, and 32 hours of straight time and 3 hours of overtime in the fifth work week.  That totals 176 hours of straight time, 15 hours of overtime pay, and 22 hours of special event time.

54. Upon information and belief, Ms. Chevis' wage rate in October of 2019 was $13.73/hour.

55. Now contrast that with her actual pay as reflected in Exhibits H & I.  First notice that the first page of Exhibit H and Exhibit I are identical except that someone has hand written in additional information in Exhibit I.

56. For reasons that are entirely unclear, despite working 176 hours, Ms. Chevis was only paid for 173.33 hours.

57. For reasons that are entirely unclear, despite working 15 hours of overtime, Ms. Chevis <u>received no overtime pay at all</u>.

58. Ms. Chevis had deductions applied for 327327327AD1 Life3, 327327327AD1 Accident, and 327327327AD1 Health Select that, upon information and belief, she never authorized.

*Third Example – March 2019*

59. To illustrate the wage errors, please review Plaintiffs' Exhibits J, K and L.  Exhibit J are Ms. Chevis' time sheet for the week of February 24, 2019 – March 2, 2019; March 3, 2019 – March 9, 2019; March 10, 2019 – March 16, 2019; March 17, 2019 – March

23, 2019; and March 31, 2019 – April 6, 2019 (March 24, 2019 – March 30, 2019 is missing). Exhibit K is a copy of Ms. Chevis' Earnings Information sheet, for the pay period of March 1, 2019 – March 31, 2019, that she was given with her paycheck. Exhibit L is a copy of Ms. Chevis' Earnings Information sheet, for the pay period of March 1, 2019 – March 31, 2019, that was given to Plaintiffs by Defendant in connection with pre-suit settlement discussions.

60. Looking first at the time sheets shown in Exhibits J, and ignoring data from work days outside the month of March of 2019, Ms. Chevis worked 40 hours of straight time in the first work week; 40 hours of straight time, 16 hours of overtime, and 4 hours of special event time in the second work week; 40 hours of straight time and 4.5 hours of special event time in the third work week; the fourth work week is missing; and 0 hours in the fifth work week. That totals at least 144 hours of straight time, 24 hours of overtime pay, and 8.5 hours of special event time.

61. Upon information and belief, Ms. Chevis' wage rate in October of 2019 was $13.46/hour.

62. Now contrast that with her actual pay as reflected in Exhibits J & L. First notice that the first page of Exhibit J and Exhibit L are identical except that someone has hand written in additional information in Exhibit L.

63. Ms. Chevis was paid for 149.33 hours of straight time, 24 hours of holiday pay at a straight time rate, and no overtime.

64. For reasons that are entirely unclear, despite working 24 hours of overtime, Ms. Chevis received no overtime premium pay at all.

65. Ms. Chevis had deductions applied for 327327327AD1 Life3, 327327327AD1 Accident, and 327327327AD1 Health Select that, upon information and belief, she never authorized.

66. Plaintiffs Delena Chevis, Willi Jones, and Ekundayo Nkululeko have all advised that they believe they were similarly paid improperly.

67. Plaintiffs have further advised that they believe other security guards at Texas Southern University are interested in participating in the lawsuit to determine if they were also paid properly.

68. Defendant's failures to pay the Plaintiffs' and potential class members the required overtime premiums, failure to pay for all hours worked, and failure to minimum wage for all hours worked results from generally applicable policies and procedures, and does not depend on the personal circumstances of the potential class members.

69. The experience of the Plaintiffs, with respect to their pay, conditions of employment, and record keeping by their employers, are typical of the experiences of the potential class members.

70. All class members are non-exempt employees entitled to overtime premiums, payment for all hours worked, payment of at least the federal minimum wage for all hours worked, and the information required under Texas Labor Code 62.003.

71. Although the exact amount of damages may vary among potential class members, the damages for the potential class members arise from a common nucleus of facts and can be easily calculated by a simple formula. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to Plaintiffs and all potential class members by denying them all of their lawfully earned wages.

72. The potential class members should be readily identifiable through the employment, payroll and timekeeping records in the possession of the Defendants as required by 29 U.S.C. 211(C). These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into a class pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

73. As such, the FLSA opt-in class of similarly situated Plaintiffs is properly defined as follows:

> **All current and former individuals working as security guards of Texas Southern University; at any time during the three year period prior to the filing of this lawsuit through final approval of any settlement or judgment.**

74. A copy of Delena Chevis consent to bring this claim for failure to pay minimum wages, failure to pay for all hours worked, and failure to pay premium wages for hours worked in excess of 40 in a work week, is attached hereto as Exhibit A.

75. A copy of Willi Jones consent to bring this claim for failure to pay minimum wages, failure to pay for all hours worked, and failure to pay premium wages for hours worked in excess of 40 in a work week, is attached hereto as Exhibit B.

76. A copy of Ekundayo Nkululeko consent to bring this claim for failure to pay minimum wages, failure to pay for all hours worked, and failure to pay premium wages for hours worked in excess of 40 in a work week, is attached hereto as Exhibit C.

77. Upon information and belief of Plaintiffs', Defendant TSU had knowledge of its violations of the FLSA and all of its actions were either willful or showed reckless disregard for their violations of the FLSA.

## II.    Family & Medical Leave Act Allegations

78. This cause of action is as an individual action under 29 CFR 825.220.

79. Plaintiff Delena Chevis attempted to take Family & Medical Leave for her treatment for her medical condition.

80. Defendant retaliated against Chevis by falsely accusing Chevis of exaggerated misconduct and terminating her for pretextual reasons.

81. Plaintiff is eligible for Family & Medical Leave due to her having worked at least 1250 hours in the preceding 12 months while working for Defendant.

82. Plaintiff was pretextually terminated for multiple grounds: (1) MAPPS Policy 02.05.03 Discipline and Termination Policy: Neglect of duties, loafing or wasting work time; (2) MAPPS Policy 02.05.05 Ethics & Conflicts of Interest: Employees shall protect and conserve public property and shall not use it for other than authorized activities; (3) 2.14 Conduct and Behavior: Members whether on or off duty shall be governed by the

ordinary and reasonable rules of good conduct and behavior, and shall not commit any act tending to bring reproach or discredit upon themselves and /or the department; and (4) 5.16 Immoral or Disorderly Conduct: Members shall not conduct themselves in an immoral, indecent, lewd, or disorderly manner or in a manner that could be construed by an observer as such. Members shall not associate with any person or persons engaging in criminal or immoral conduct.

83. The circumstances were this. At approximately 1800 hours, on January 7, 2020, Plaintiff was on duty working the front desk at the Lanier West Building. While working the front desk, two other security guards, Matthew Richardson and Marrick Ardoin arrived. Greetings were exchanged and there was some discussion.

84. At approximately 0025 hours on January 8, 2020, Plaintiff used a computer to draft a reply email to Ms. Eboni Johnson of TSU Human Resources. Ms. Johnson had requested additional information from Plaintiff regarding her already filed and pending application for FMLA leave.

85. While Plaintiff was sending this email, her back was turned and she could not see the other two security guards, Mr. Richardson and Mr. Ardoin.

86. Unbeknownst to Plaintiff, Mr. Ardoin used a can of white spray snow to spray the letters FU on a window nearby.

87. The spray snow is not acrylic spray paint and does not have an odor.

88. At this time, the building had already been festooned with spray paint and other decorations to celebrate the holiday season which had just ended.

89. As a result of Plaintiff not having any reason to suspect a fellow security guard of engaging in graffiti and the fact that the graffiti was in the same white as many other spray painted decorations, Plaintiff did not notice the graffiti while she was on her shift.

90. The following shift on January 8, 2020, Plaintiff was asked to meet with Director of Security Damian Bradshaw. Director Bradshaw showed Plaintiff the surveillance video and asked why she had not reported the graffiti. Plaintiff advised the Director that she did not see the graffiti.

91. On January 13, Plaintiff had the surgery which was the reason why she had applied for FMLA.

92. On January 21, Plaintiff was advised that she was being terminated effective immediately by Chief Mary Young. The termination notice specifically claimed that Plaintiff had "conduct[ed] [her]self in an immoral, indecent, lewd, or disorderly manner or in a manner that could be construed by an observer as such. Members shall not commit any act tending to bring reproach or discredit upon themselves and/or the department.

93. Plaintiff has repeatedly requested Defendant provide a copy of the surveillance video to evaluate the claims but Defendant has not produced it.

94. Upon information and belief, Plaintiff alleges that Defendant created a false pretext of misconduct in order to interfere with Plaintiff's ability to take FMLA leave which she had already begun.

## VI. FIRST CAUSE OF ACTION
### VIOLATION OF 29 U.S.C. Section 207

**Failure to Pay Overtime**

95. Plaintiffs' incorporate herein all previously stated allegations as well as all of the attached Exhibits.

96. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §207(a)(1), an employer must pay an employee overtime at a rate not less than one and a half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty hours per week.

97. Plaintiffs' and potential class members regularly worked in excess of forty hours per week but were not paid overtime premium pay for hours worked in excess of forty hours per week during the proposed class period of the lawsuit.

98. None of the exemptions provided by the FLSA to the overtime obligation applied to Plaintiffs or the potential class members.

99. Defendants' failure to pay overtime to Plaintiffs and potential class members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation with the meaning of the FLSA. 29 U.S.C. 255(a).

100. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs and potential class members have suffered, and will continue to suffer, lost wages and other damages.

101. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### VII.  SECOND CAUSE OF ACTION
### VIOLATION OF 29 U.S.C. Section 206

**Failure to Pay Minimum Wage for all Hours Worked**

**102.** Plaintiffs' incorporate herein all previously stated allegations as well as all of the attached Exhibits.

**103.** Pursuant to the Fair Labor Standards Act, 29 U.S.C. §206(a), Defendants must pay each of its employees at least the federal minimum wage of $7.25/hour for any hours worked.

**104.** Defendants' routinely failed to pay Plaintiffs and Class members at least the minimum wage for all hours worked during the proposed class period of the lawsuit.

105. None of the exemptions provided by the FLSA to the minimum wage obligation applied to Plaintiffs or the class members.

106. Defendants' failure to pay overtime to Plaintiffs and class members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation with the meaning of the FLSA.  29 U.S.C. 255(a).

107. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs have suffered, and will continue to suffer, lost wages and other damages.

108. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

**VIII.  THIRD CAUSE OF ACTION**
**VIOLATION OF 29 U.S.C. Section 2615**
**Interference and Retaliation for Lawful Use of Family & Medical Leave**

**Count I       FMLA Interference**

16

109. Plaintiffs' incorporate herein all previously stated allegations as well as all of the attached Exhibits.

110. The Family & Medical Leave Act ("FMLA") provides that an employer may not interfere with or retaliate against an employee for exercising their rights under the FMLA, pursuant to 29 U.S.C. Section 2615 and 29 C.F.R. 825.220.

111. Plaintiff Delena Chevis was an employee eligible for FMLA leave pursuant to the requirements of the statute.

112. TSU is an employer covered by the FMLA statute.

113. Delena Chevis was entitled to take FMLA for a qualifying serious health condition.

114. TSU already had notice that Ms. Chevis intended to take the FMLA leave to which she was entitled.

115. Rather than give Ms. Chevis the leave to which she was entitled, TSU terminated her.

116. As a result of Defendant's unlawful conduct, Plaintiff Delena Chevis has been injured.

### Count II    FMLA Retaliation

117. The taking of FMLA leave is a statutorily protected right and Ms. Chevis engaged in that statutorily protected activity.

118. The adverse employment action of termination was taken against Ms. Chevis by her employer TSU.

**119.** The termination was in retaliation for her attempting to take her FMLA leave.

**120.** As a result of Defendant's unlawful conduct, Plaintiff Delena Chevis has been injured.

## XI. JURY DEMAND

121. Plaintiffs, individually and on behalf of the putative class, demands a trial by jury for all issues of fact.

## XII. DAMAGES SOUGHT

155. Plaintiffs and potential Class Members are entitled to recover their unpaid minimum wages.

156. Plaintiffs and potential Class Members are entitled to recover their unpaid overtime premium wages.

157. Plaintiffs and Class Members are entitled to an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

158. Plaintiffs and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA 29 U.S.C. § 216(b).

159. Plaintiff Delena Chevis is entitled to back pay for all wages lost since her wrongful termination.

160. Plaintiff Delena Chevis is entitled to compensation for all lost benefits since her wrongful termination.

161. Plaintiff Delena Chevis is entitled to reinstatement or front pay in lieu of reinstatement.

162. Pre and post judgment interest as appropriate.

163. Such other relief as may be just and equitable.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Delena Chevis, Willi Jones, and Ekundayo Nkululeko, on behalf of themselves individually and on behalf of all other persons similarly situated, known and unknown, request that this Court enter the following relief:

a. Permission for all current and former security guards and individuals working for the security department of Texas Southern University; at any time during the three year period prior to the filing of this lawsuit through final approval of any settlement or judgment to be issued notice of the lawsuit and to be given the opportunity to opt-in to the lawsuit pursuant to Section 216(b) of the FLSA.

b. Judgement that the Defendants' conduct was willful;

c. All damages to which the named Plaintiffs and potential class members may be entitled;

d. Liquidated and multiple damages as allowed by law, including double damages under the FLSA;

e. Penalties as provided for under the FLSA including pursuant to Section 216;

f.	An injunction prohibiting Defendants from further violations of the law as described above;

g.	Back pay for Ms. Delena Chevis stemming from her wrongful termination;

h.	Compensation for lost benefits Ms. Delena Chevis endured as a result of her wrongful termination;

i.	Reinstatement for Ms. Delena Chevis to her former position prior to her wrongful termination;

j.	Attorney's fees and costs;

k.	Pre and post judgment interest as appropriate; and

l.	Any other relief to which Plaintiff and class members may be entitled.

Dated: November 5, 2021

Respectfully submitted,

/s/ John Cruickshank
By: John Cruickshank
john@cruickshank.attorney
Texas Bar No. 24045730
Federal Bar No. 910674
Joshua Estes
joshuaestes@estespc.net
Texas Bar No. 24043651
Federal Bar No. 637546
716 S. Union St.
Richmond, Texas 77469
Tel. (281) 238-5400
Fax. (281) 238-5015
***Attorneys for Plaintiffs***